[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10981
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cr-60211-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLARENCE MOSS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 15, 2018)

Before ROSENBAUM, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Clarence Moss appeals his total 120-month sentence after pleading guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113.  Moss raises two issues on appeal.  First, he argues that the district court erred when it stated that it would have imposed the same sentence even if a proposed guideline were in place at the time of his sentencing.  Second, he argues that the court's consideration of his qualification as a career offender rendered his sentence unreasonable.

I.

Moss pled guilty to bank robbery, in violation of 18 U.S.C. § 2113(a).  The presentence investigation report ("PSI") calculated a subtotal of 24 as his adjusted offense level.  Because Moss was considered a career offender under the Sentencing Guidelines, his base offense level increased to 32, pursuant to § 4B1.1.  But Moss received a two-level reduction for acceptance of responsibility, under § 3E1.1(a), and an additional one-level reduction, under § 3E1.1(b), because the government filed a motion stating that Moss assisted authorities in the investigation of his misconduct by timely notifying them of his intention to plead guilty, for a total of 29.  Based on a total offense level of 29 and a criminal history category of VI, the guidelines range was 151 to 188 months.

Moss moved for a downward departure, pursuant to § 5H.1.3, asserting a severe mental-health condition.  He also moved for a downward variance, arguing that the court should sentence him according to a proposed amendment to the

2

sentencing guidelines. Under the proposed amendment, Moss would no longer qualify as a career offender. Based on that and the age of some of his prior convictions, Moss urged the court to reduce his criminal-history category to level III. Under Moss's view, the resulting guidelines range would have been 46-57 months.[1]

For its part, the government asked for a 151-month sentence, taking into account Moss's mental-health problems and his criminal history. Moss responded that the punishment that was sufficient but not greater than necessary was a punishment within the guidelines range, as Moss thought it should be calculated (meaning within the range of 46-57 months).

The court overruled Moss's objections to his career-offender status, stating that it would follow the guidelines as they were in effect at that time. As a result, the court found a guidelines range of 151 to 188 months' imprisonment. After noting that it had considered the sentencing guidelines and the 18 U.S.C. § 3553(a) factors, the court acknowledged the guidelines proposal and stated its philosophical disagreement with it. Instead, the court found that the then-applicable guidelines range was not "too tough" and stated that it was fair, just, and appropriate. The court also noted that the sentence it would impose would be the same sentence that

---

[1] This is based on an offense level of 21 (24 minus 2 points for acceptance of responsibility and 1 point for assisting the government by timely notifying it of his intention to plead guilty) and a criminal-history category of III.

3

it would have imposed had it conducted the sentencing hearing after the proposed guideline had gone into effect.  In particular, the court explained its view that Moss's number of felony convictions aggravated the circumstances.

Nevertheless, the court also announced that it agreed with Moss that his mental-health situation mitigated the circumstances.  That he turned himself in to the police and that two-thirds of his convictions, and all of his violent convictions, occurred when he was under 18 years old also mitigated the circumstances, in the court's view.  After weighing the aggravating and mitigating facts, the court concluded that imposing a sentence shorter than the sentence Moss received for his prior armed robbery would not promote respect for the law or act as a deterrent.  Based on these considerations, the court granted a downward variance, imposing a sentence of 10 years (120 months) and 3 years of supervised release.

Moss renewed his objections and now appeals.

## II.

We begin by addressing Moss's claim that the court erred in stating that it would have imposed the same sentence, even if the proposed guideline were in effect at the time of Moss's sentencing.

We review sentencing cases for harmless error.  *Williams v. United States*, 503 U.S. 193, 203 (1992).  Even if a court erred in its calculation of the applicable guideline range, that error is harmless if the court "clearly state[d] that [it] would

impose the same sentence regardless" of the error, "and the sentence imposed [was] reasonable." *United States v. Perkins*, 787 F.3d 1329, 1341 (11th Cir. 2015). This is because we "have long recognized that it is not necessary to decide guidelines issues or remand cases for new sentence proceedings where the guidelines error, if any, did not affect the sentence." *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006). A court's statement that its ultimate sentencing decision would have been the same, regardless of the guidelines issue, avoids "pointless reversals and unnecessary do-overs of sentence proceedings." *Id.* Further, there is no constitutional right to appeal. *United States v. Bushert*, 997 F.2d 1343, 1347 (11th Cir. 1993). A defendant's right to appeal his sentence is "purely statutory," deriving from 18 U.S.C. § 3742. *Id.*

The court did not err when it stated that it would have imposed the same sentence even if a proposed amendment would have altered Moss's guideline range because it considered Moss's arguments, and the statement did not prevent Moss from seeking appellate review. Additionally, because our authority to review Moss's sentence was authorized by 18 U.S.C. § 3742 and does not derive from the Constitution, Moss had no constitutional right to appeal his sentence, and his argument that the court's statement violated his due-process rights by deterring his exercise of a "fundamental right to seek review by direct appeal" is without merit.

**III.**

We next turn to Moss's challenge to the easonableness of his sentence. We review the reasonableness of a sentence for abuse of discretion. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). A sentence must be both procedurally and substantively reasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." *Tome*, 611 F.3d at 1378.

A sentence may be procedurally unreasonable if a district court commits an error "such as miscalculating the advisory guidelines range, treating the guidelines range as mandatory, or failing to consider the 18 U.S.C. § 3553(a) factors." *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). The court must use the Guidelines Manual in effect on the date the defendant is sentenced.[2] U.S.S.G. § 1B1.11(a). Additionally, the court does not need to discuss each of the § 3553(a) factors individually. *Sarras*, 575 F.3d at 1219. Instead, it must only acknowledge that it considered the § 3553(a) factors and the defendant's arguments. *Id*.

To be substantively reasonable, a sentence must be "sufficient, but not greater than necessary," to comply with the following purposes: "to reflect the

---

[2] If the use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the *ex post facto* clause of the United States Constitution, the court must use the Guidelines Manual in effect on the date that the offense of conviction was committed. U.S.S.G. § 1B1.11(b).

seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct;" "to protect the public from further crimes of the defendant;" and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."   18 U.S.C. § 3553(a).   In imposing a sentence, a court must also consider the "nature and circumstances of the offense," the "history and characteristics of the defendant," "the kinds of sentences available," the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.   *Id*. § 3553(a)(1), (3)-(7).

The weight to be given any of these factors is "a matter committed to the sound discretion of the district court."   *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).   Nevertheless, "[a] district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."   *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).   "A district court commits a clear error of judgment when it considers the proper factors but balances them unreasonably,

arriving at a sentence that does not achieve the purposes of sentencing as stated in § 3553(a)." *Id*. (quotations omitted).

When a district court decides that the § 3553(a) factors support a variance, it should explain why the variance is "appropriate in a particular case with sufficient justifications." *Gall*, 552 U.S. at 46-47. The court's justifications must be "compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review," but "an extraordinary justification" is not required for a sentence outside the guideline range. *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) (quotations omitted). Additionally, the court may impose an upward variance if it concludes that the guidelines range was insufficient in light of a defendant's criminal history. *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009). We have noted that the fact that a sentence is "well below" the statutory maximum sentence may indicate its reasonableness. *United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016).

Here, the district court's sentence was procedurally reasonable. The court correctly calculated the guidelines range, acknowledged that the guidelines were advisory, and considered Moss's arguments and the statutory factors. This was sufficient for procedural reasonableness.

Moss's sentence was also substantively reasonable. The court explicitly stated that it considered the statutory factors. And though it was not required to do

8

so, the court made specific findings with regard to some of those factors. The court also weighed aggravating and mitigating facts to determine Moss's appropriate sentence, which sufficiently allowed for appellate review.

And while Moss contends that the court failed to adequately consider the Sentencing Commission's reasoning behind the proposed amendment, the court was not required to consider it because the amendment was not in effect. Yet as a matter of fact, the court actually did consider the reasoning for the proposed amendment, and the court explained why it disagreed, providing a sufficient justification to support the degree of its variance. Finally, we note that Moss's sentence of 10 years falls well below the 20-year statutory maximum and provides a further indication of its reasonableness.

Accordingly, because Moss's sentence was both procedurally and substantively reasonable, we affirm.

**AFFIRMED.**